## Chicago, Peoria & St. Louis Railway Company v. Hillard E. Funk.

1. VERDICT—*when, not disturbed.* Where the evidence is conflicting and no clear preponderance appears, the verdict of the jury will be deemed conclusive and will not be disturbed upon appeal.

Action commenced before justice of the peace. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1904. Affirmed. Opinion filed November 18, 1904.

WILSON, WARREN & CHILD, for appellant.

A. L. HAMILTON and EDWARD D. HENRY, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is an action by appellee against appellant to recover damages for killing one, and injuring another of appellee's horses, alleged to have been struck by appellant's train. The trial by a jury resulted in a verdict and judgment against appellant for $90 damages and $25 attorney's fees.

On the evening of November 10, 1903, five horses belonging to appellee were seen upon the right of way of appellant, southwest of Maxwell. On the next morning one of the horses was found dead under a bridge upon the right of way and another was found in the right of way, about fifty feet from the track, with the right fore leg

broken. It is conceded that the verdict of the jury is predicated upon alleged proof of the liability of appellant for damages for the horse injured and not for the one killed. The only ground urged in reversal of the judgment, is that the evidence tending to show that the horse was struck by the train is insufficient to support the verdict.

The substantial evidence in the record, tending to show that the horse was struck by appellant's train, does not appear in the abstract and is only brought to our attention by the additional abstract furnished by appellee.

There is evidence tending to show that the right foreleg of the horse was broken; that it was in a mashed condition as if hit by something and that the skin was about half torn off where the leg was broken. From this evidence the jury were justified in concluding that the horse was injured by being struck by the train, rather than that the injury resulted from other causes. There was external evidence of an injury such as would have resulted from actual contact with a train and no evidence of any other cause of injury. It is insisted that as the engineers of appellant, who hauled trains over the track on the evening in question, testified positively they did not strike any horses, such testimony must be held to be conclusive against appellee's right of recovery. These engineers also testified that they saw no horses upon the right of way of appellant on that evening, notwithstanding the uncontradicted evidence and the conceded fact, that five of appellee's horses were upon such right of way. The fact that the horse was found fifty feet from the track does not necessarily show he was not struck by the train. The horse was standing when found and was able to walk across the track when led away. He could as readily have walked from the track where he was injured to the place where he was found.

This case is of the class in which the verdict of the jury must be held to be conclusive upon a question of fact in a court of review, and accordingly the judgment of the trial court will be affirmed.

                                        *Affirmed.*